46 CCPA

**WAYNE KNITTING MILLS,** Appellant

v.

**PILOT FULL FASHION MILLS, INC.,** by
change of name, Alba Hosiery Mills,
Inc., Appellee.

Patent Appeal No. 6423.

United States Court of Customs
and Patent Appeals.
May 15, 1959.

Robert R. Lockwood, Chicago, Ill.
(Harris C. Lockwood, Washington, D. C.,
of counsel), for appellant.

Munn, Liddy, Daniels & March, New
York City (Joe E. Daniels and Sylvester

J. Liddy, New York City, of counsel), for
appellee.

Before WORLEY, Acting Chief Judge,
and RICH, MARTIN, and JOHNSON
(retired), Judges.

RICH, Judge.

This appeal is from the decision of the
Commissioner of Patents, acting through
the Assistant Commissioner, affirming
the dismissal by the Examiner of Inter-
ferences of an opposition instituted by
appellant, Wayne Knitting Mills, based
on its trademark registration No. 546,-
299 of August 7, 1951, for hosiery, to the
registration of the mark of appellee,
Pilot Full Fashion Mills, Inc., (by change
of name, Alba Hosiery Mills, Inc.) de-
scribed in its application serial No. 655,-
426, for use on women's hosiery.

Opposer's mark is a picture of three
women in negligee, facing the same way,
successively shorter from left to right
and each having her right leg extended
and exposed, in a pose said to be charac-
teristic of hosiery models, together with
the disclaimed words, "All 3 wear size
9½." The clear impression conveyed is
that the stockings being modeled come
in three lengths for each size.

The trademark of appellee consists of
the words "Blendtones for" appearing
above the representation of three dress-
maker's forms bedecked with bows at the
necks, flowers on the hips and ribbons
across the chests followed by the words
"by Alba." The form on the left appears
the largest, the one on the right smallest,
and they are positioned one behind the
other in perspective.

The sole issue before us is whether ap-
pellee's mark so resembles the registered
mark of appellant as to be likely to cause
confusion or mistake or to deceive pur-
chasers as to the source of the goods in
question, women's hosiery.

The Assistant Commissioner held, in a
brief opinion, that even a casual examina-
tion of the marks leads to the conclusion
that no confusion is likely and affirmed
the decision of the Examiner of Inter-

ferences which dismissed the opposition on the same ground.

Appellant contends that the Assistant Commissioner erred in finding that the marks do not so resemble each other as to be likely to cause confusion on the basis of a side by side comparison, and in not giving consideration to the psychological impact of the marks on the purchasing public.

Appellant designates its trademark as "Three Smart Girls" and contends that this threesome is the distinctive feature of the design. The record shows that appellant has enjoyed extensive and uninterrupted use of this trademark since 1932 and it is not denied that the purchasing public has come to recognize hosiery identified by this mark as originating with appellant.

■ Appellant's argument that the psychological impact of the marks on the purchasing public must be considered is just another way of saying that the strength of an opposing mark as well as its similarity to the mark sought to be registered must be examined in deciding the issue of likelihood of confusion or mistake. However, if the marks are suf-ficiently dissimilar, the strength of the opposer's mark is of little significance.

The figures in appellant's mark are full length representations of clothed women, posed in such fashion as to emphasize the display of stockings on the right leg of each. Appellee's mark, on the other hand, consists of what appear to be three dressmaker's forms or possibly display manikin torsos. The diminishing size of the forms appears to be solely the result of perspective drawing. Shading shows them successively lighter in tone from front to back. The clear implication we get from viewing the specimen is that the hose come in different shades or tones of different colors. The words found on the two marks are in no way similar.

■ On the basis of the cumulative differences in the marks as a whole, balanced against the scant similarities, we agree with the Assistant Commissioner that no confusion, mistake or deception is likely, even when the marks are applied to identical goods.

The decision of the Assistant Commissioner is affirmed.

Affirmed.